# EXHIBIT 1

AW029
90232

1   Michael Louis Kelly – State Bar No. 82063
    mlk@kirtlandpackard.com
2   Behram V. Parekh – State Bar No. 180361
    bvp@kirtlandpackard.com
3   Heather Baker Dobbs – Bar No. 261303
    hmb@kirtlandpackard.com
4   **KIRTLAND & PACKARD LLP**
5   2041 Rosecrans Avenue, Third Floor
    El Segundo, California 90245
6   Tel: (310) 536-1000; Fax: (310) 536-1001

7   *Counsel for Plaintiff and all others similarly situated*

CAC
CCW 308
Ann
Jones

**FILED**
Superior Court of California
County of Los Angeles

JUN 08 2016

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
         Ishayla Chambers

8
9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
10              **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

11  LAUREN MILLER, on behalf of herself and all        Case No.    **BC 6 2 3 0 4 3**
    others similarly situated,
12                                                     **CLASS ACTION**
13                        Plaintiff,                   **COMPLAINT FOR:**
14      v.
                                                       1. **Violation of California's Automatic Renewal**
15                                                        **law (Bus. & Prof. Code §§ 17600-17604);**
    ADOREME, INC., a Delaware Corporation, and         2. **Violation of California's Unfair Competition**
16  DOES 1-100,                                           **Law ("UCL") (Bus. & Prof. Code §§ 17200-**
                                                          **17204); and**
17                        Defendant.                   3. **Injunctive Relief (Bus. & Prof. Code §**
18                                                        **17535)**

19                                                     **JURY TRIAL DEMANDED**
20
21
22
23
24
25
26
27
28

CIT/CASE: BC623043
LEA/DEF#:
RECEIPT #: CCH5391790054
DATE PAID: 06/08/16 03:33 PM
PAYMENT: $1,435.00
RECEIVED: 31
  CHECK: $1,435.00
  CASH: $0.00
  CHANGE: $0.00
  CARD: $0.00

                              CLASS ACTION COMPLAINT

Plaintiff, Lauren Miller, (hereafter "Plaintiff") brings this class action on behalf of herself and all others similarly situated against AdoreMe, Inc. and DOES 1-100 (collectively "Defendant" or "Adore Me"), as a result of the unlawful practices with regard to Defendant's automatic continuous service agreement for Defendant's VIP Membership services, to obtain injunctive relief, restitution, and all damages available against Defendant under each respective cause of action as alleged herein. Plaintiff makes the following allegations upon information and beliefs, except as to her own actions, the investigation of her counsel, and the facts that are a matter of public record.

## NATURE OF CLAIM

1. Plaintiff brings this class action lawsuit on behalf of herself and on the behalf of the consumers who enrolled in Defendant's VIP Membership service, (hereafter "VIP Membership") and were automatically charged on their debit or credit card, or third party account (hereafter "Payment Method").

2. Defendant's VIP Membership offers consumers access to Defendant's various lingerie items at a discounted price. The terms of the VIP Membership call for the consumer to be charged monthly and in return the consumer will receive a store credit to purchase items of their choosing.

3. To enroll in Defendant's VIP Membership, Defendant offers a single enrollment option. Enrollees to the VIP Membership are charged $39.95 on the fifth of every month on a continuous basis.

4. Defendant's VIP Membership, through its automatic billing practices, is operating in violation of California's Automatic renewal laws.  Specifically, Defendant: (a) at the time of requesting payment for the VIP Membership, failed to present the continuous service offer terms in a clear and conspicuous manner and in visual proximity to the request for consent to the offer before the purchasing agreement was fulfilled in violation of Cal. Bus. & Prof. Code § 17602(a)(1); (b) charged Plaintiff's credit or debit card, or third party account, without first obtaining Plaintiff's affirmative consent to the agreement containing the auto-renewal terms in violation of Cal. Bus. & Prof. Code § 17602(a)(2); and (c) failed to provide an acknowledgement that included the auto-renewal terms, cancellation policy, and information regarding how to cancel in a manner that is

1    capable of being retained by Plaintiff in violation of Cal. Bus. & Prof. Code § 17602(a)(3).

2        5.    As a result, Plaintiff, on the behalf of herself and all others similarly situated

3    (hereafter, "the Class" or "Class members"), seeks damages, restitution, declaratory relief, injunctive

4    relief and reasonable attorneys' fees and costs pursuant to Cal. Bus. & Prof. Code §§ 17604, 17203,

5    and 17535.

6                                    **PARTIES**

7        6.    Plaintiff is a resident of Los Angeles County and on November 17, 2015 registered for

8    Defendant's VIP Membership for $19.95 and was automatically charged $39.95 on December 20,

9    2015, January 6, 2015, and February 6, 2015.  Plaintiff was subject to Defendant's unlawful auto-

10   renewal program as set forth herein.  Furthermore, Plaintiff and the Class are "consumers" as defined

11   by Cal. Bus. & Prof. Code § 17601(d).

12       7.    Defendant, AdoreMe, Inc., on information and belief, is a Delaware corporation with

13   its principal place of business in New York City, New York.  Defendant operates and does business

14   in California.

15       8.    Plaintiff is unaware of the true names and capacity of the defendants sued as DOES 1-

16   100, and therefore sues these defendants by fictitious names.  Plaintiff will seek leave to amend this

17   Complaint when and if the true identities of these DOE defendants are discovered.  Plaintiff is

18   informed and believes and thereon alleges that each of the defendants designated as a DOE is

19   responsible in some manner for the acts and occurrences alleged herein, whether such acts or

20   occurrences were committed intentionally, negligently, recklessly or otherwise, and that each said

21   DOE defendant thereby proximately caused injuries and damages to Plaintiff and the Class as herein

22   alleged, and is thus liable for Plaintiff's and the Class's injuries.

23       9.    At all times herein mentioned, Defendants, and each of them, were the agents, principals,

24   servants, employees, and subsidiaries of each of the remaining Defendants, and were at all times

25   acting within the purpose and scope of such agency, service, and employment, and directed,

26   consented, ratified, permitted, encouraged, and approved the acts of each remaining Defendant.

27

28

                                    3

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over all causes of action asserted herein under the California Constitution.

11.     Venue is proper in this District pursuant to Los Angeles County Superior Court Rule 2.3(a)(1)(A) because this is a class action.

12.     Out-of-state participants can be brought before this Court pursuant to California's "long-arm" jurisdictional statute.

## FACTUAL ALLEGATIONS

**Plaintiff's Enrollment in Defendant's "VIP Membership"**

13.     Plaintiff, Lauren Miller, enrolled in Defendant's auto-renewal VIP Membership on November 17, 2015, for $19.95 from Defendant's website, www.adoreme.com. After reviewing Defendant's website and creating an account for Defendant's services, Plaintiff was deceived into upgrading her account to the VIP Membership. Thereafter, she was prompted through Defendant's check-out process, which is fully laid out below.

14.     On the same day, but after her purchase, Plaintiff received an email from Defendant. This email was devoid of any acknowledgement that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by Plaintiff. Despite the purchase price of merchandise chosen by Plaintiff, the email contained no other pertinent information.

15.     Thereafter, Plaintiff's Payment Method was charged $39.95 on December 20, 2015, January 6, 2015 and February 6, 2015 for the monthly VIP Membership renewal.

16.     Defendant's correspondence with Plaintiff did not disclose any clear and conspicuous way for Plaintiff to cancel the VIP Membership or offer directions on how Plaintiff could cancel the auto-renewal service.

**California Business & Professions Code §§ 17600-17606**

17.     In December 2010, Cal. Bus. & Prof. Code §§ 17600-17606 came into effect after the California State Legislature decided that they wanted to end the practice of ongoing charges to consumers' Payment Methods without consumers' explicit consent for ongoing shipments of a

**4**

CLASS ACTION COMPLAINT

1    product or ongoing deliveries or services. *See* Cal. Bus. & Prof. Code §17600.

2        18.    Cal. Bus. & Prof. Code § 17602(a) states it shall be unlawful for any business making

3    an automatic renewal or continuous service offer, like Defendant's VIP Membership, to a consumer,

4    if the business engages in any of the following:

> 1. Fails to present the automatic renewal offer terms or continuous service
>    offer terms in a clear and conspicuous manner *before* the subscription or
>    purchasing agreement is fulfilled and in visual proximity, or in the case
>    of an offer conveyed by voice, in temporal proximity, to the request for
>    consent to the offer. (emphasis added)
> 2. Charges the consumer's credit or debit card or the consumer's account
>    with a third party for an automatic renewal or continuous service without
>    first obtaining the consumer's affirmative consent to the agreement
>    containing the automatic renewal offer terms or continuous service offer
>    terms.
> 3. Fails to provide an acknowledgement that includes the automatic
>    renewal or continuous service offer terms, cancellation policy, and
>    information regarding how to cancel in a manner that is capable of being
>    retained by the consumer. If the offer includes a free trial, the business
>    shall also disclose in the acknowledgment how to cancel and allow the
>    consumer to cancel before the consumer pays for the goods or services.

17        19.    Cal. Bus. & Prof. Code § 17601(a) defines the term "Automatic renewal" as a "plan or

18    arrangement in which a paid subscription or purchasing agreement is automatically renewed at the

19    end of a definite term for a subsequent term."

20        20.    Cal. Bus. & Prof. Code § 17601(b) states that "Automatic renewal offer terms" means

21    the following clear and conspicuous disclosures: (1) That the subscription or purchasing agreement

22    will continue until the consumer cancels. (2) The description of the cancellation policy that applies to

23    the offer. (3) The recurring charges that will be charged to the consumer's credit or debit card or

24    payment account with a third party as part of the automatic renewal plan or arrangement, and that the

25    amount of the charge may change, if that is the case, and the amount to which the charge will change,

26    if known. (4) The length of the automatic renewal term or that the service is continuous, unless the

27    length of the term is chosen by the consumer. (5) The minimum purchase obligation, if any."

28        21.    Cal. Bus. & Prof. Code § 17601I defines "clear and conspicuous" or "clearly and

5

1  conspicuously" to mean "in larger than the surrounding text, or in contrasting type, font, or color to

2  the surrounding text of the same size, or set off from the surrounding text of the same size by

3  symbols or other marks, in a manner that clearly calls attention to the language."

4       22.    Cal. Bus. & Prof. Code § 17603 provides: "In any case in which a business sends any

5  goods, wares, merchandise, or products to a consumer, under a continuous service agreement or

6  automatic renewal of a purchase, without first obtaining the consumer's affirmative consent as

7  described in Section 17602, the goods, wares, merchandise, or products shall for all purposes be

8  deemed an unconditional gift to the consumer, who may use or dispose of the same in any manner he

9  or she sees fit without any obligation whatsoever on the consumer's part to the business, including,

10  but not limited to, bearing the cost of, or responsibility for, shipping any goods, wares, merchandise,

11  or products to the business."

12  **Defendant's Business: Adoreme.com**

13       23.    Defendant AdoreMe, Inc. is "a high-fashion intimates brand that sells their products

14  through their website and mobile app. Their product lines include beautifully designed lingerie,

15  swimwear, sleepwear, and related accessories, that all come in a wide range of sizes from petite to

16  plus size. VIP members of Adore Me shop new designs in their personalized online showrooms each

17  month, and receive special discounts and offers."[1]

18       24.    Defendant's tout that their VIP Membership offers consumers the following benefits,

19  "$10 off any style! Your first style for $24.95! Every 6th set is on us! Free shipping and exchanges.

20  Exclusive access to VIP only sales and sets. No obligation to buy, no membership fee."[2] In addition

21  to the VIP Membership, Defendant also offers consumers a pay as you go option to purchase items.

22  The VIP Membership causes consumers to be charged $39.95 monthly, this monthly charge is then

23  applied as store credit that consumers can use to purchase goods.

24  **Defendant's Account Creation and Check-out Process**

25       25.    Upon knowledge and belief, Plaintiff and the Class followed the same check-out

26  process on Defendant's website as described below.

27

28  _____

[1] www.crunchbase.com/organization/adore-me#/entity
[2] www.adoreme.com/how_it_works

CLASS ACTION COMPLAINT

26.     Upon entering Defendant's home page consumers are prompted to take a "Quiz" in order for the site to get a better understanding of the products the consumer may want to purchase. The quiz involves nine questions regarding sizing, preferences and what types of lingerie consumers may want to wear for various occasions and times of day. Once all of the questions have been answered consumers are prompted to enter their email address and create a password in order to access their style profile as generated based on the preferences the consumer selected. Defendant's site selects various items based on the preferences given and places the items in the consumer's online "Showroom". The "Quiz" is not a mandatory requirement to access the various items on Defendant's website but it is necessary to create a style profile and "Showroom". At the time consumers are prompted to take the "Quiz", and later when they are prompted to enter their email address, they are shown a "New Member" price of $24.95, for their first set of lingerie. During this portion of Defendant's account creation process, no conspicuous notice is provided that calls to attention that the service will auto-renew and automatically charge the member's Payment Method as defined by Cal. Bus. & Prof. Code § 17601(b).



*Defendant's first page of the account creation process did not, and does not, contain the Automatic-renewal offer terms as defined by Cal. Bus. & Prof. Code § 17601(b).*

7



*Defendant's final page of the account creation process did not, and does not, contain the
Automatic-renewal offer terms as defined by Cal. Bus. & Prof. Code § 17601(b).*

27. Once the consumer has finalized the account creation process they are then able to
browse Defendant's website for various items. The consumer is also able to view the various items
that have been selected for the consumer based on their preferences. These items can be found in the
"My Showroom" portion of the Defendant's website. While the consumer is browsing the website,
they are shown two prices for the various items, the regular price and the VIP Membership price.
Once a consumer finds a product that they would like to purchase, they are then directed to
Defendant's check out process.

28. The Defendant's checkout process begins with the consumer's order summary and
total dollar amount due on the right hand side of the screen. The total shown is based on the VIP
Membership discount. On the left hand side of the screen the consumer is shown, "Choose Your Way
to Shop" preferences, which show the VIP Membership and pay as you go option. At this point in the
check out process the consumer is not given indication that the VIP Membership is an automatic
renewal service. The information relating to the VIP Membership simply states the perks of the
membership, such as, discount pricing and free exchanges. The only language related to the

8

CLASS ACTION COMPLAINT

1   automatic renewal service states, "It is membership based but you can skip. You don't have to buy

2   every month." This limited statement does not meet any of the disclosure requirements necessary

3   under Cal. Bus. & Prof. Code § 17601(b).



*Defendant's first page of the checkout process did not, and does not, contain the Automatic-*

*renewal offer terms needed as defined by Cal. Bus. & Prof. Code §17601(b).*

29.    Within the "Choose Your Way to Shop" preferences on the first page of the check out

process is an embedded links which states "FAQ".  Once the FAQ link is clicked the following

statements appear, "Q: Do I have to buy something every month? A: Nope! Just Skip the month if

you don't feel like shopping. Q: Will I be charged every month? Not at all! Simply shop or skip if

you don't want a credit. Q: Will I be reminded to shop or skip? A: Yes! We will send you email

reminders. Q: What if I forget to skip the month? A: No problem! You'll be charged a store credit to

be used for any future purchase. If you'd like a refund, just give us a call within 30 days." (Please see

below). These limited statements also do not meet any of the disclosure requirements needed under

Cal. Bus. & Prof. Code §17601(b). Furthermore, these limited statements are not in visual proximity

to the request for consent to the offer, as is required under Cal. Bus. & Prof. Code §17602(a)(1),

because they embedded in a link and only appear through a pop up.

9

CLASS ACTION COMPLAINT

FAQs                              ×

Q: Do I have to buy something every month?
A: Nope! Just skip the month if you don't feel like shopping

Q: Will I be charged every month?
A: Not at all! Simply shop or skip if you don't want a credit.

Q: Will I be reminded to shop or skip?
A: Yes! We will send you email reminders.

Q: What if I forget to skip the month?
A: No problem! You'll be charged a store credit to be used for
   any future purchase. If you'd like a refund, just give us a call
   within 30 days.

Q: Can I change my mind?
A: Sure! If you are a VIP, you can leave the membership any
   time, then shop as a Pay As You Go customer, no questions
   asked. You're welcome to rejoin the VIP membership later
   to enjoy the benefits

 **Other Questions?**
Call us anytime. 1.800.433.2367
Real people, no robots.

*Defendant's embedded FAQ link on the first page of the checkout process did not, and does not,*

*contain the Automatic- renewal offer terms needed as defined by Cal. Bus. & Prof. Code §17601(b)*

*Furthermore, the statements are also not within visual proximity to the request for consent as*

*required by Cal. Bus. & Prof. Code §17602(a)(1).*

30.  Also within the "Choose Your Way to Shop" preferences on the first page of the check

out process is an embedded link which states "What do I need to do as a VIP?" Once this link is

clicked, the following statements are made: "1. Visit your showroom between the 1st and 5th of each

month, then either <u>shop</u> or <u>skip</u> the month. 2. Don't worry, we'll send you reminder emails to let you

know when your monthly showroom is ready! 3. If you don't shop or skip, you'll be charged a

$39.95 store credit you can use anytime." (Please see below). These limited statements do not meet

the disclosure requirements needed under Cal. Bus. & Prof. Code §17601(b), specifically the

requirements of Cal. Bus. & Prof. Code §17601(b)(1-2) & (4) are not meet. Furthermore, these

limited statements are not in visual proximity to the request for consent to the offer, as is required

under Cal. Bus. & Prof. Code §17602(a)(1). These statements are on the left side of the screen,

opposite from the consent to the offer and are embedded within a link, only allowing the statements

to appear if the consumer chooses to click on the link. Moreover, the consumer is automatically

placed in the VIP Membership option at this stage of the checkout, as opposed to being placed in the

1   Pay As You Go option initially.

2



15   *Defendant's embedded "What do I need to do as a VIP?" link did not, and does not, contain the*

16   *Automatic- renewal offer terms needed as defined by Cal. Bus. & Prof. Code §17601(b)*

17   *Furthermore, the statements are also not within visual proximity to the request for consent as*

18   *required by Cal. Bus. & Prof. Code §17602(a)(1).*

19

20

21   31.    Once the consumer clicks on the Continue Checkout link, they are then taken to the

22   final checkout page. Once redirected to this page, consumers are asked to input their billing and

23   payment information. The dollar amounts provided on the final page of the check out process are the

24   regular price of the item, VIP discounts, and the total dollar amount due for this particular purchase.

25   None of the required disclosures as defined by Cal. Bus. & Prof. Code §17601(b) are present on this

26   final check out page. Furthermore, none of the offer requirements as set forth by Cal. Bus. & Prof.

27   Code §17602(a), are met on the final check out page.  The final check out page does not even provide

28   any links for consumers to find the automatic renewal offer terms. Nothing on the final page of the

11

CLASS ACTION COMPLAINT

1   check out process provides the consumer with any notice that their Payment Method will be charged

2   monthly for $39.95 on a continuous basis.



3

4

5

6

7

8

9

10

11

12

13

14

15   *Defendant's final page of the check-out process did not, and does not, contain any of the*
    *Automatic-renewal offer terms needed as defined by Cal. Bus. & Prof. Code § 17601(b) and*
16   *§17602(a).*

17       32.    Despite providing the "FAQ" and "What do I need to do as a VIP" links, Defendant

18   failed to provide the customer with the terms of the auto-renewal service in a clear and conspicuous

19   manner *before* the subscription or purchasing agreement was fulfilled and *in visual proximity,* to the

20   request for consent to the VIP Membership offer. *See* Cal. Bus. & Prof. Code § 17602(a)(1).

21   Further, the checkout process fails to provide an acknowledgment that includes the automatic renewal

22   or continuous service offer terms, cancellation policy, and information regarding how to cancel in a

23   manner that is capable of being retained by the consumer. *See* Cal. Bus. & Prof. Code § 17602(a)(3).

24   **Defendant Failed to Present the Automatic Renewal Offer Terms or Continuous Offer Terms**
    **in a Clear and Conspicuous Manner Before the Subscription or Purchasing Agreement was**
25   **Fulfilled and in Visual Proximity to the Request for Consent to the Offer in violation of Cal.**
26   **Bus. & Prof. Code § 17602(a)(1)**

27       33.    Upon knowledge and belief, during the Class Period, Defendant's check out process

28   failed to meet the requirements set out in Cal. Bus. & Prof. Code § 17602. Specifically, Defendant

failed to present the auto-renewal terms in a clear and conspicuous manner (i.e. text that is larger than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text) before the VIP Membership service was fulfilled. Defendant also failed to present the terms in visual proximity to the request for consent to the offer, in a manner that calls the reader's attention to:

    a.  The fact that Defendant's VIP Membership service will continue until the Plaintiff and Class members cancel;

    b.  The cancellation policy that applies to Defendant's VIP Membership service;

    c.  The recurring charges that will be charged to the consumer's Payment Method, and that the amount of the charge may change, and the amount to which the charge will change, if known; and

    d.  The length of the VIP Membership service or that the service is continuous, unless the length of the term is chosen by the consumer.

34.    Defendant thus made, and continues to make, an automatic renewal or continuous service offer to consumers, including Plaintiff and the Class, yet failed, and continues to fail, to present the automatic renewal offer terms, or continuous service offer terms, in a clear and conspicuous manner and in visual proximity to the request for consent to the offer before the subscription or purchasing agreement was and is fulfilled in violation of Cal. Bus. & Prof. Code § 17602(a)(1).

**Defendant Failed to Obtain Affirmative Consent to the Terms and Conditions of Defendant's VIP Membership Service in Violation of Cal. Bus. & Prof. Code § 17602(a)(2)**

35.    Upon information and belief, throughout the class period, after clicking the applicable box on the first and final page of the check-out process, Plaintiff's and the Class member's Payment Method were, and are, charged for their enrollment. Thereafter, Defendant charged, and continues to charge, Plaintiff's and the Class member's Payment Method on a recurring basis, and as such, is an automatic renewal plan within the meaning of Cal. Bus. & Prof. Code § 17601(a). Furthermore, the VIP Membership continues until cancelled, and therefore is, and was, a continuous service plan or

1   arrangement as defined by Cal. Bus. & Prof. Code § 17601(e).

2       36.    Prior to charging Plaintiff's and the Class member's Payment Method, Defendant

3   failed, and continues to fail, to obtain Plaintiff's and the Class member's affirmative consent to

4   Defendant's VIP Membership service. Defendant, failed, and continues to fail, to include the VIP

5   Membership service automatic renewal offer terms on the final page of the check-out process before

6   the transaction is complete.

7       37.    Defendant's violation of Cal. Bus. & Prof. Code § 17602(a) has in turn, deemed "all

8   goods, wares, merchandise, or products" sent to Plaintiff and the Class under Defendant's Auto-

9   renewal subscription, to be unconditional gifts pursuant to Cal. Bus. & Prof. Code § 17603. As a

10  result, Plaintiff and the Class may use or dispose of the same in any manner they see fit without any

11  obligation whatsoever on their part to Defendant, including, but not limiting to, bearing the cost of, or

12  responsibility for, shipping any goods, wares, merchandise, or products to the business.

13  **Defendant Failed to Provide an Acknowledgement That Includes the VIP Membership Terms**
14  **of Use, Cancellation Policy, and Information on How to Cancel in a Manner That is Capable of**
    **Being Retained by the Consumer as Required by Cal. Bus. & Prof. Code § 17602(a)(3)**

15      38.    Upon knowledge and belief, Defendant sent an email to Plaintiff and the Class after

16  their purchase of the VIP Membership that failed, and continues to fail, to provide an

17  acknowledgement that includes the Auto-renewal terms and conditions, cancellation policy, and

18  information on how to cancel in a manner that is capable of being retained by the Plaintiff and Class,

19  in violation of Cal. Bus. & Prof. Code § 17602(a)(3).

20      39.    As a result of the above, Defendant's unlawful policies and/or practices, as alleged

21  herein, are in violation of Cal. Bus. & Prof. Code § 17600, et seq.

22                          **CLASS ACTION ALLEGATIONS**

23      40.    Plaintiff brings this class action individually and on behalf of the Class and seeks to

24  represent:

25          All persons within California who enrolled into Defendant's VIP
26          Membership service as part of an automatic renewal plan or continuous
            service offer and was subsequently charged for such by Defendant within
27          the four years prior to the filing of this Complaint (hereafter, the "Class").

28      41.    Excluded from the Class are Defendant's: officers, directors, and employees; any

                                    14

1  entity in which Defendant has a controlling interest; the affiliates, legal representatives, attorneys,

2  heirs, and assigns of the Defendant; and any Judge who is assigned to this case.

3      42.    **Numerosity:** The proposed Class is so numerous that individual joinder of all its

4  members are impracticable.  Due to the nature of the trade and commerce involved, Plaintiff believes

5  that the total number of Class members is at least in the thousands and that members of the Class are

6  numerous and geographically dispersed across California.  While the exact number and identities of

7  the Class members are unknown at this time, such information can be ascertained through appropriate

8  investigation and discovery.  The disposition of the claims of the Class members in a single class

9  action will provide substantial benefits to all parties and to the Court.

10     43.    **Common Questions of Law and Fact Predominate:** There are many questions of

11 law and fact common to the representative Plaintiff and the Class, and those questions substantially

12 predominate over any questions that may affect individual Class members.  The common questions of

13 fact and law include, but are not limited to, the following:

14         a.  Whether Defendant charged Plaintiff's and Class member's Payment

15             Method for an automatic renewal or continuous service without first

16             obtaining Plaintiff's and the Class member's affirmative consent to the

17             agreement containing the automatic renewal offer terms or continuous

18             offer terms;

19         b.  Whether Defendant's check out process contains the automatic renewal

20             offer terms and/or continuous service offer terms as defined by Cal. Bus.

21             & Prof. Code § 17601;

22         c.  Whether Defendant failed to present the automatic renewal offer terms or

23             continuous service offer terms in a clear and conspicuous manner before

24             the subscription or purchasing agreement was fulfilled, and in visual or

25             temporal proximity to the request for consent to the offer;

26         d.  Whether Defendant failed to present a cancellation policy and information

27             regarding how to cancel in a manner that is capable of being retained by

28             Plaintiff and the Class;

15

CLASS ACTION COMPLAINT

e.  Whether Plaintiff and the Class are entitled to restitution under Cal. Bus.
& Prof. Code § 17200 – 17203;

f.  Whether Plaintiff and the Class members are entitled to declaratory relief,
injunctive relief and/or restitution; and

g.  The proper formula(s) for calculating and/or restitution owed to Plaintiff
and the Class.

44.  **Typicality:** Plaintiff's claims are typical of the claims of the members of the Class.
Plaintiff and the Class have been similarly affected by Defendant's conduct since Plaintiff and the
Class were a customer of Defendant, did not receive adequate notice of the automatic renewal offer
or continuous service offer in a clear and conspicuous manner, and in close proximity to the request
for consent to the offer, and were not presented with a cancellation policy and information regarding
how to cancel in a manner that is capable of being retained by both Plaintiff and the Class. Plaintiff
and the Class are entitled to relief under the same causes of actions.

45.  **Adequacy of Representation:** Plaintiff will fairly and adequately represent and
protect the interests of the Class. Plaintiff has retained counsel with substantial experience in
handling complex class action litigation. Plaintiff and her counsel are committed to prosecuting this
Action vigorously on behalf of the Class and have the financial resources to do so.

46.  **Superiority of Class Action:** Plaintiff and the Class have suffered and will continue
to suffer harm as a result of Defendant's unlawful and wrongful conduct. A class action is superior to
other available methods for the fair and efficient adjudication of the present controversy. Class
members have little interest in individually controlling the prosecution of separate actions because the
individual damage claims of each Class member are not substantial enough to warrant individual
filings. In sum, for many, if not most, Class members, a class action is the only feasible mechanism
that will allow an opportunity for legal redress and justice.

47.  Adjudication of individual Class members' claims with respect to Defendant would, as
a practical matter, be dispositive of the interests of other members not parties to the adjudication, and
could substantially impair or impede the ability of other Class members to protect their interests.

//

16

1

2

3

4

**FIRST CAUSE OF ACTION**

**Violation of Cal. Bus. & Prof. Code §§ 17600, _et seq._**

**(California's Automatic Purchase Renewal Statute)**

**(By Plaintiff and the Class Against Defendant)**

5      48.      Plaintiff incorporates by reference all of the above paragraphs of this Complaint as

6   though fully stated herein.

7      49.      Cal. Bus. & Prof. Code § 17602(a)(1) provides:

8

9

> (a) It shall be unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do any of the following:

10

11

12

> (1) Fail to present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to the request for consent to the offer.

13      50.      Defendant failed to present the VIP Membership terms in a clear and conspicuous

14   manner and in visual proximity to the request for consent to the offer before the agreement was

15   fulfilled.

16      51.      As a result of Defendant's violations of Cal. Bus. & Prof. Code § 17602(a)(1),

17   Defendant is subject under Cal. Bus. & Prof. Code § 17604 to all civil remedies that apply to a

18   violation of Article 9, of Chapter 1, of Part 3, of Division 7 of the Cal. Bus. & Prof. Code

19   ("Automatic Purchase Renewals").

20      52.      Cal. Bus. & Prof. Code § 17602(a)(2) provides:

21

22

> (a) It shall be unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do any of the following:

23

> ...

24

25

> (2) Charge the consumer's credit or debit card or the consumer's account with a third party for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms.

26      53.      Defendant charged Plaintiff's, and continues to charge, the Class member's Payment

27   Method for the VIP Membership without first obtaining Plaintiff's and the Class member's

28

17

1   affirmative consent to the terms and conditions of the automatic renewal or continuous service offer.

2       54.     As a result of Defendant's violations of Cal. Bus. & Prof. Code § 17602(a)(2),

3   Defendant is subject under Cal. Bus. & Prof. Code § 17604 to all civil remedies that apply to a

4   violation of Article 9, of Chapter 1, of Part 3, of Division 7 of the Cal. Bus. & Prof. Code.

5       55.     Cal. Bus. & Prof. Code § 17602(a)(3) provides:

6           (a) It shall be unlawful for any business making an automatic renewal or continuous

7           service offer to a consumer in this state to do any of the following:

8           ...

9           (3) Fail to provide an acknowledgement that includes the automatic renewal or

10          continuous service offer terms, cancellation policy, and information regarding how to

            cancel in a manner that is capable of being retained by the consumer.  If the offer

11          includes a free trial, the business shall also disclose in the acknowledgement how to

            cancel and allow the consumer to cancel before the consumer pays for the goods or

12          services.

13      56.     Defendant failed to provide an acknowledgement that includes the VIP Membership

14  terms of the auto-renewing service, cancellation policy, and information on how to cancel the

15  automatic renewal or continuous service offer in a manner that is capable of being retained by the

16  Plaintiff and the Class.

17      57.     As a result of Defendant's violations of Cal. Bus. & Prof. Code § 17602(a)(3),

18  Defendant is subject under Cal. Bus. & Prof. Code § 17604 to all civil remedies that apply to a

19  violation of Article 9, of Chapter 1 of Part 3, of Division 7 of the Cal. Bus. & Prof. Code.

20                              **SECOND CAUSE OF ACTION**

21                  **Violation of Cal. Bus. & Prof. Code §§ 17200, <u>et seq.</u>**

22                      **(California's Unfair Competition Law)**

23                  **(By Plaintiff and the Class Against Defendant)**

24      58.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as

25  though fully stated herein.

26      59.     Cal. Bus. & Prof. Code § 17200, *et seq.* (the "UCL") prohibits unfair competition in

27  the form of any unlawful, unfair, or fraudulent business acts or practices.  Cal. Bus. & Prof. Code §

28  17204 allows "a person who has suffered injury in fact and has lost money or property" to prosecute

---

18

1    a civil action for violation of the UCL. Such person may bring such an action on behalf of himself or

2    herself and others similarly situated who are affected by the unlawful, unfair, or fraudulent business

3    practice.

4        60.    Upon knowledge and belief, since four years prior to the filing of this Complaint,

5    Defendant has committed, and continues to commit, unlawful, unfair, and/or fraudulent business acts

6    and practices as defined by the UCL, by violating Cal. Bus. & Prof. Code § 17600, *et seq*.

7        61.    As a direct and proximate result of Defendant's unlawful, unfair, and/or fraudulent

8    acts and practices described herein, Defendant has received, and continues to hold, unlawfully

9    obtained property and money belonging to Plaintiff and the Class in the form of payments made for

10   Defendant's VIP Membership by Plaintiff and the Class. Defendant has profited from its unlawful,

11   unfair, and/or fraudulent acts and practices in the amount of those business expenses and interest

12   accrued thereon.

13       62.    Plaintiff and the Class members are entitled to restitution pursuant to Cal. Bus. & Prof.

14   Code §§ 17203 and 17208 for all monies paid by Plaintiff and the Class under the VIP Membership

15   at rates specified by law. Defendant should be required to disgorge all the profits and gains it has

16   reaped and restore such profits and gains to Plaintiff and the Class, from whom they were unlawfully

17   taken.

18       63.    Plaintiff and the Class members are entitled to enforce all applicable penalty

19   provisions pursuant to Cal. Bus. & Prof. Code § 17202.

20       64.    Plaintiff has assumed the responsibility of enforcement of the laws and public policies

21   specified herein by suing on behalf of herself and other similarly-situated Class members. Plaintiff's

22   success in this Action will enforce important rights affecting the public interest. Plaintiff will incur a

23   financial burden in pursuing this action in the public interest. An award of reasonable attorneys' fees

24   of Plaintiff is thus appropriate pursuant to California Code of Civil Procedure § 1021.5.

25   //

26   //

27   //

28   //

### THIRD CAUSE OF ACTION

#### Violation of Cal. Bus. & Prof. Code § 17535, *et seq.*

#### (Injunctive Relief and Restitution)

#### (By Plaintiff and the Class Against Defendant)

65.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint, as though fully stated herein.

66.     Cal. Bus. & Prof. Code § 17535 allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of this Code.  Such a person may bring such an action on behalf of herself and others similarly situated who are affected by the unlawful, unfair, or fraudulent business practice.

67.     Upon knowledge and belief, at least four years prior to the filing of this Complaint, and continuing to date, Defendant has committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Cal. Bus. & Prof. Code § 17535, by violating Cal. Bus. & Prof. Code § 17600, *et seq.*

68.     As a direct and proximate result of Defendant's unlawful, unfair, and/or fraudulent acts and practices described herein, Defendant has received and continues to receive unlawfully obtained property and money belonging to Plaintiff and the Class members in the form of payments made for the VIP Membership.

69.     Defendant has profited from its unlawful, unfair, and/or fraudulent acts and practices in the amount of those unlawful VIP Membership charges and interests accrued.

70.     Plaintiff and the Class are entitled to injunctive relief under restitution as set out in Cal. Bus. & Prof. Code § 17535, et seq. for all monies paid by Plaintiff and Class members under the Defendant's VIP Membership service from the date of first enrollment to the date of such restitution, at rates to be determined at trial.  Defendant should be required to disgorge all the profits and gains it has reaped as a result of the unlawful conduct alleged herein.

///

///

///

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for judgment as follows:

A.      For an order certifying this Action as a class action and appointing Plaintiff and her Counsel to represent the Class;

B.      For equitable relief enjoining Defendant from engaging in the wrongful conduct complained of herein pertaining to Defendant's VIP Membership service;

C.      For restitution and disgorgement of all money or property wrongfully obtained by Defendant by means of their herein-alleged unlawful, unfair, and fraudulent business practices;

D.      For an accounting by Defendant for any and all profits derived by Defendant from their herein-alleged unlawful, unfair, and/or fraudulent conduct and/or business practices;

E.      An award of general damages according to proof;

F.      An award of special damages according to proof;

G.      An award of statutory damages according to proof;

H.      Exemplary damages;

I.      For an award of costs of suit and attorneys' fees, as allowable by law;

J.      For an award of pre- and post-judgment interest, to the extent allowable; and

K.      Such other and further relief as this Court may deem just and proper.

Dated: June 8, 2016                          KIRTLAND & PACKARD LLP

                                             By: _____
                                                 MICHAEL LOUIS KELLY
                                                 BEHRAM V. PAREKH
                                                 HEATHER BAKER DOBBS

21

CLASS ACTION COMPLAINT

1  **JURY TRIAL DEMANDED**

2  Plaintiff demands a jury trial on all issues so triable.

3

4  Dated: June 8, 2016                    KIRTLAND & PACKARD LLP

5                                    By: _____

6                                         MICHAEL LOUIS KELLY
                                          BEHRAM V. PAREKH
7                                         HEATHER BAKER DOBBS

8                                         *Counsel for Plaintiff, and all*
                                          *others similarly situated*
9

10

11  ∞02539.00001 170191

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

22

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Michael Louis Kelly-82063/Heather Baker Dobbs-261303
KIRTLAND & PACKARD LLP
2041 Rosecrans Avenue
Third Floor
El Segundo, CA 90245
TELEPHONE NO.: (310) 536-1000   FAX NO.: (310) 536-1001
ATTORNEY FOR *(Name):* Plaintiff and all others similarly situated

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

CASE NAME: LAUREN MILLER v.ADOREME, INC., et al.

**FILED**
Superior Court of California
County of Los Angeles

JUN 08 2016

Sherri R. Carter, Executive Officer/Clerk
By _____ , Deputy
Ishayla Chambers

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: BC 623043 |
|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[x] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [x] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [ ] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* three
5. This case [x] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: June 8, 2016

Michael Louis Kelly-82063/Heather Baker
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Legal Solutions ⊕ Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|---|

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice— Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach—Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

| SHORT TITLE: LAUREN MILLER v.ADOREME, INC., et al. | CASE NUMBER |
|---|---|
| | BC 6 2 3 0 4 3 |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [x] YES   CLASS ACTION? [x] YES   LIMITED CASE? [ ] YES   TIME ESTIMATED FOR TRIAL 7-10 [ ] HOURS/ [x] DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.3.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office
11. Mandatory Filing Location (Hub Case)

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | [ ] A6070 Asbestos Property Damage | 2. |
| | | [ ] A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | [ ] A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | [ ] A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | [ ] A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | [ ] A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev 3/15)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 1 of 4

LA-CV109

| SHORT TITLE: LAUREN MILLER v.ADOREME, INC., et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | [x] A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | [ ] A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | [ ] A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | [ ] A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | [ ] A6017  Legal Malpractice | 1., 2., 3. |
| | | [ ] A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | [ ] A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | [ ] A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | [ ] A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | [ ] A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | [ ] A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | [ ] A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | [ ] A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | [ ] A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | [ ] A6002  Collections Case-Seller Plaintiff | 2., 5., 6, 11 |
| | | [ ] A6012  Other Promissory Note/Collections Case | 2., 5, 11 |
| | | [ ] A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | [ ] A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | [ ] A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | [ ] A6031  Tortious Interference | 1., 2., 3., 5. |
| | | [ ] A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | [ ] A7300  Eminent Domain/Condemnation      Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | [ ] A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | [ ] A6018  Mortgage Foreclosure | 2., 6. |
| | | [ ] A6032  Quiet Title | 2., 6. |
| | | [ ] A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | [ ] A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | [ ] A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | [ ] A6020F  Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | [ ] A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev 3/15)

LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 2 of 4

SHORT TITLE: LAUREN MILLER v.ADOREME, INC., et al.          CASE NUMBER

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | | |
| Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | | |
| Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | ☐ A6160  Abstract of Judgment | 2., 6. |
| | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | | |
| RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | | |
| Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | ☐ A6190  Election Contest | 2. |
| | ☐ A6110  Petition for Change of Name | 2., 7. |
| | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | ☐ A6100  Other Civil Petition | 2., 9. |

| SHORT TITLE: LAUREN MILLER v. ADOREME, INC., et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| | ADDRESS: 10202 Washington Blvd. |
|---|---|
| **REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.**<br><br>[x]1.☐2.☐3.☐4.☐5.☐6.☐7.☐8.☐9.☐10.☐11. | |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Los Angeles | CA | 90232 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u> courthouse in the <u>Central</u> District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.3, subd. (a).

Dated: <u>June 8, 2016</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

Michael Louis Kelly /
         Heather Baker Dobbs

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/15).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 3/15)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4